IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERICK M. LAWSHEA, | ) | CASE NO. 1:17 CV 303 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Erick M. Lawshea for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Lawshea was convicted by a Cuyahoga County Court of Common Pleas jury in 2014 for robbery, aggravated robbery, and a firearm specification,[3] and is serving a nine year sentence.[4] He is currently incarcerated at the Warren Correctional Institution in Warren, Ohio.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Dan Aaron Polster by non-document order dated February 14, 2017.

[2] ECF # 1.

[3] ECF #8, Attachment 2 at 12.

[4] *Id.*

[5] http://www.drc.state.oh.us/OffenderSearch

In his petition, Lawshea raises four grounds for habeas relief.[6]  The State has filed a return of the writ arguing that the petition should be denied because Lawshea's due process and insufficient evidence claims lack merit.[7]  Lawshea has not filed a traverse.

For the reasons that follow, I will recommend Lawshea's petition be dismissed in part and denied in part.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the Ohio appeals court.[8]

Lawshea was convicted for robbery, aggravated robbery, and a firearm specification.[9] These convictions arose out of an incident where Lawshea robbed Kenneth Lott at gunpoint while Lott was waiting in his car.[10]

The State's witnesses, which included Lott and several police officers, provided the account of the incident and the subsequent investigation that led to Lawshea's arrest and convictions.[11]

---

[6] ECF # 1.

[7] ECF # 8.

[8]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[9] *See* ECF # 8-2 at 58.

[10] *Id*. at 47.

[11] *Id*.

Lott testified that he received a call on his cell phone from a number that he did not recognize, but when he answered the call, he recognized the voice of the caller as someone he knew as "E.J."   The caller identified himself as "E.J." and asked him for a ride to a local Speedway.[12]   Lott stated that he had given "E.J." a ride in the past and that, because it was a cold night, he "had no problem with doing it," that "E.J." was the brother of a friend of his named Shantell and that he later learned that "E.J." was Lawshea's nickname.[13]

Lott testified that Lawshea asked him to pick him up in the rear parking lot of the apartments located at the intersection of Spring and Jennings road.[14]   Lott stated that when he arrived at the parking lot, it was very dark.[15]   He turned off the vehicle and, a few minutes later, Lawshea opened the front passenger side door causing the vehicle's dome light to come on.[16]   Lott then stated that Lawshea entered his vehicle.[17]   Lawshea then made a move toward the door, then turned back around toward Lott with a long barreled revolver in his hand that he pointed at Lott's abdomen and said, "[G]ive that s*** up.  I ain't F***ing

---

[12] *Id.* at 48.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id*.

playing. * ** [I]f you make a move, I'm going to pop you're a**."[18]  Lott further testified that Lawshea then took the vehicle's keys out of the ignition and Lott's cell phone.[19]

Lott testified that while Lawshea was threatening him, he looked up and saw a second man wearing black jeans and a hoodie approaching the driver's side of the vehicle.[20]  The second man opened the front driver-side door and searched Lott's pockets taking $150 from his wallet.[21]  Lott stated that he did not recognize the man in the hoodie.[22]

It is important to note that Lott first identified the person that robbed him as "Shantell's brother C.J." Shantell is the sister of Lawshea.[23]   But, Lawshea's nickname is "E.J." and not "C.J."[24] After Lott realized his mistake, he informed the police of his error.[25]

Lawshea's sister Shantell testified that on one occasion in January 2014, she was smoking marijuana, watching television, and talking with Lott at her apartment when Lott touched her vagina.[26] She testified that she got upset, told Lott to stop, and that they

---

[18] *Id*. at 49.

[19] *Id*.

[20] *Id*.

[21] *Id*.

[22] *Id*.

[23] *Id*. at 52.

[24] *Id*. at 54.

[25] *Id*. at 54.

[26] *Id*. at 56.

exchanged a few words back and forth before Lott left her apartment.[27] According to Shantell's testimony, Lott and Lawshea got into a fight over the incident.[28]

With respect to his relationship with Shantell, Lott testified that he met Shantell through a prior girlfriend, and that he had been over her house a few times and "helped her out."[29] Lott stated that he had known Shantell for "[a] little over a year," but had not talked with her for several months before the incident.[30]

Lott testified that the day after the incident, he went over to Shantell's seeking information on her "so called brother," "E.J."[31] He testified that Shantell told him that "E.J." was "not her real brother" but a "play friend" and that she did not "know his last name or anything like that."[32]

Detectives presented a photo array to Lott which included a picture of Lawshea.[33] Lott indicated with "100 percent certainty" that the Lawshea was one of the individuals who robbed him.[34]

---

[27] *Id.*

[28] *Id.*

[29] *Id.* at 51.

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

The jury found Lawshea guilty of robbery, aggravated robbery, and a firearm specification.[35] On August 18, 2014, the trial court then sentenced Lawshea to a total of eight years in prison and added a year in prison for violating post-release control.[36]

## B.    Direct Appeal

### 1.    *Ohio Court of Appeals*

On September 9, 2014, Lawshea, through counsel, filed  a timely[37] notice of appeal with the Ohio appeals court.[38] In his brief, Lawshea filed three assignments of error:

1.    The trial court erred in denying defendant-appellant's motion for acquittal when the evidence is not sufficient to support conviction [sic].

2.    Defendant-appellant was denied his right to a fair trial and his right to due process due to poor police investigation into another person originally named as the perpetrator.

3.    The verdict of the jury, finding Erick Lawshea guilty of aggravated robbery and robbery, is against the manifest weight of the evidence.[39]

---

[35] *See id*. at 58.

[36] *Id.* at 12.

[37] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgement being appealed. *See, Smith v. Koneth,* No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18 2007) (unreported case). Lawshea's conviction and sentence were journalized on August 21, 2014, (ECF # 8-2 at 12) and the notice of appeal was filed on September 9, 2014. (ECF # 8-2. at 15).

[38] The jury found Lawshea guilty on August 15, 2014. (ECF # 8-2 at 9). Thus, the appeal was within the 30 day time limit. *See supra* note 22. Notice of appeal was filed on September 9, 2014.( ECF # 8-2 at 15).

[39] *Id*. at 35.

-6-

The state filed a brief in response.[40] On June 15, 2015, the Ohio appeals court overruled all three assignments of error and affirmed the decision of the trial court.[41]

## 2.    *The Supreme Court of Ohio*

On July 29, 2015, Lawshea, *pro se,* filed a timely[42] notice of appeal with the Ohio Supreme Court.[43]  In his brief in support of jurisdiction, he raised three propositions of law:

1.     When the essential elements of the charges against a criminal defendant are not proven beyond a reasonable doubt due to insufficient evidence, a trial court should grant the defendant's motion for acquittal. The failure to do so results in a violation of his constitutional rights under the 5th and 14th amendments of the US Constitution and the equivalent Articles and Sections of the Ohio Constitution.

2.     When the evidence presented in a criminal trial is not enough to sustain the conviction due to being against the manifest weight of the evidence, the defendant's constitutional rights under the 5th and 14th amendments are violated as well as his rights under the equivalent Articles and Sections of the Ohio Constitution.

3.     When the police conduct poor investigation of the alleged crime especially when another person is clearly a suspect in the crime, this deprives a criminal defendant of a fair trial and the due process of law

---

[40] *Id*. at 32.

[41] *Id*. at 45.

[42] *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case).  Lawshea filed his appeal to the Ohio Supreme Court on July 29, 2015, which is 41 days after the Ohio appeals court overruled his appeal on June 18, 2015.

[43] ECF # 8-2 at 71.

guaranteed him by the 5th and 14th amendments of the US constitution and the equivalent Articles and Sections of the Ohio Constitution.[44]

According to the record, the State did not file a response. On October 28, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal.[45]

### 3.    Petition for post-conviction relief

On May 12, 2016, Lawshea, *pro se*, filed a motion for sentencing to correct a flawed and improper postrelease control notification.[46]  Thereafter, through counsel, Lawshea filed a motion to vacate the judicial sanction sentence further arguing that the post release control was not properly imposed at the sentencing hearing.[47]  The court denied the motion on August 10, 2016.[48]  On August 31, 2016, Lawshea, *pro se*, filed a timely appeal to the Eighth District Court of Appeals.[49]  On October 4, 2016, the Court of Appeals *sua sponte* dismissed the appeal because Lawshea failed to file a brief.[50]

---

[44] *Id*. at 74.

[45] *Id*. at 107.

[46] *Id*. at 108.

[47] *Id*. at 119.

[48] *Id*. at 163.

[49] *Id*. at 164.

[50] *Id*. at 171.

## C.      Petition for writ of habeas corpus

On February 5, 2017, Lawshea, *pro se*, timely filed[51] a federal petition for habeas

relief.[52] As noted above, he raises four grounds for relief:

> **GROUND ONE:**      The trial court erred in denying defendant-appellant's motion [sic] acquittal. Supporting facts, the evidence is not sufficient to support conviction.
>
> **GROUND TWO:**      Petitioner was denied right to fair trial. Supporting facts, based on the record will show police by their poor investigation, had originally named another as the perpetrator.
>
> **GROUND THREE:**    Petitioner was denied due process of law. Supporting facts, based on the record will show police, by their poor investigation, had originally named another as the perpetrator.
>
> **GROUND FOUR:**     The jury verdict is against the manifest weight of the evidence. Supporting facts,

---

[51] There is no dispute between the parties that Lawshea's petition was timely filed and according to the record, Lawshea's petition was timely filed. The statute of limitation for a federal claim is 1 year after the judgement becomes final. Here, the judgement became final on January 26, 2016. However, statutory tolling extends the statute of limitations at least 13 days past January 26, 2017, because Lawshea receives 13 days of statutory tolling from his first habeas petition which was dismissed without prejudice. *See Lawshea v. Bunting*, No. 1:16 CV 1980. Therefore, Lawshea's petition filed on February 5, 2016 was timely filed because it is filed 3 days before February 8, 2016 "deadline." This "deadline" does not include whatever period of that may have accrue statutory tolling from the state court's consideration of the motion concerning post release control. Since, Lawshea's federal habeas petition is already timely, it is not necessary to calculate additional statutory tolling.

[52] ECF # 1.

based on lack of any credible evidence beyond "any" reasonable doubt.[53]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Lawshea is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[54]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[55]

3.    The record indicates that this is not the first time Lawshea filed for habeas relief. Judge Polster dismissed the first action without prejudice and stated that the "[p]etitioner may file a motion to reopen his case upon exhaustion of state remedies."[56] Therefore, this is not a second successive petition because the first petition was not considered[57]

4.    Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established

---

[53] ECF # 1 at 5, 6, 8, 9.

[54] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[55] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[56] *Lawshea v. Bunting*, No. 1:16 CV 1980-DAP (N.D. of Ohio 2016 ).

[57] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

appellate review procedure.[58]

5.    Finally, Lawshea is not represented by counsel, he has not requested the appointment of counsel,[59] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[60]

## B.    Standards of review

### 1.    *AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[61] codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[62]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[63]

The Supreme Court teaches that this standard for review is indeed both "highly

---

[58] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[59] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[60] 28 U.S.C. § 2254(e)(2).

[61] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[62] *See* 28 U.S.C. § 2254 (2012).

[63] 28 U.S.C. § 2254(d) (2012).

deferential" to state court determinations,[64] and "difficult to meet,"[65] thus, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[66]

a.      *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[67]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[68] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[69] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[70]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[71]  The state

---

[64] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[65] *Id.* (citation omitted).

[66] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[67] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[68] *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[69] *Id.*

[70] *Id.*

[71] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[72]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[73]  When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[74]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[75]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[76]  To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

---

[72] *Id.*

[73] *See id.*

[74] *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[75] *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[76] *Id.*

disagreement."[77]  Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.      *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[78]  Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[79] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[80]  While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review" or "by definition preclude relief,"[81] it is indeed a difficult standard to meet.  "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the

---

[77]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[78]  *Brumfield*, 135 S.Ct. at 2277.

[79]  28 U.S.C. § 2254(e)(1) (2012).

[80]  *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[81]  *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

-14-

trial judges."[82]

## 2.    *Fair presentment*

The standard of review outlined by 28 U.S.C. § 2254(d) applies by its own terms only to habeas claims "adjudicated on the merits in State court proceedings.[83]  When a federal habeas claim was fairly presented to but not adjudicated on the merits by the state courts, the federal habeas court must evaluate that claim under the pre-AEDPA standard, reviewing *de novo* questions of law and mixed questions of law and fact.[84]

The requirement of fair presentment initially involves the issue of exhaustion, since the fair presentment doctrine, like the exhaustion requirement itself, is rooted in important federal-state comity concerns.[85] If the petitioner does not present the same claim on the same theory to the state court as is presented to the federal habeas court, state courts do not have a fair opportunity to resolve the matter on the grounds asserted by the petitioner before the federal court review the state court decision under the AEDPA.[86]

---

[82] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

[83] 28 U.S.C. § 2254(d); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[84] *Maples*, 340 F.3d at 436; *Jones v. Bradshaw*, 489 F. Supp. 2d 786, 803 (N.D. Ohio 2007).  In circumstances not applicable here, federal courts employ a modified version of AEDPA deference to the state court decision in cases where the state court did not squarely address the petitioner's claim as a federal Constitutional claim, but its analysis nevertheless bears "some similarity" to the requisite analysis set forth in clearly established federal law. *Filiaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006).

[85] *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011).

[86] *Id.*, citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971).

-15-

In the Sixth Circuit, a petitioner may fairly present his federal claim to the state court in a number of different ways:

(a)     by relying on federal cases employing constitutional analysis;

(b)     by relying on state court cases employing federal constitutional analysis;

(c)     by phrasing the claim in terms of constitutional law or terms sufficiently particular as to allege a denial of a specific constitutional rights;

(d)     by alleging facts well within the mainstream of constitutional law.[87]

But, as the Sixth Circuit has emphasized, fair presentment is not established by showing that the claim presented to the state court was "somewhat similar" to the federal constitutional claim, or that both claims arose out of the same set of facts, or even that a federal claim should have been "self-evident" from the "ramifications" of the state-law claim.[88] "The bottom line is that [there is a lack of fair presentment where] the state courts were not called upon to apply the legal principles governing the constitutional claim now being presented to the federal courts."[89]

Where the petitioner did not present the federal claim but instead a state-law claim, the federal claim is not exhausted. But, when any attempt now to return to state court to exhaust the federal issue would fail as untimely or as barred by *res judicata*, the federal claim

---

[87] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[88] *Id.*

[89] *Id.*

is procedurally defaulted.[90]

### 3.    *Noncognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[91] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[92] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[93]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[94] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[95] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people

---

[90] *Id.*; *see*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (failure to timely exhaust a habeas claim in state court constitutes a procedural default).

[91] 28 U.S.C. § 2254(a).

[92] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[93] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[94] *Estelle*, 502 U.S. at 67-68.

[95] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

-17-

as to be ranked as fundamental.'"[96]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[97] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[98] and may not second-guess a state court's interpretation of its own procedural rules.[99] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[100] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[101]

## C.  Application of standards

The present petition should be denied in part and dismissed in part. Specifically, Ground One should be denied.  Additionally, Grounds Two and Three should be combined, since they are essentially the same argument, and denied.  Finally, Ground Four should be denied in part and dismissed in part.

---

[96] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[97] *Id.*

[98] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[99] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[100] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[101] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

### 1.      Ground One: Sufficiency of the Evidence

In Ground One Lawshea argues that his conviction was not supported by sufficient evidence.

In doing so, I will restate the Ohio appeals court's articulation of applicable law, and then I will recite how the law was applied in this case. The Ohio court stated the standard of review for this claim as follows:

> A challenge to the sufficiency of the evidence supporting a conviction requires a determination of whether the state has met its burden of production at trial. *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, citing *State v. Thomkins*, 78 Ohio St. 3d 380, 390, 678 N.E.2d 541 (1997). When reviewing sufficiency of the evidence, an appellate court must determine "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St. 3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In a sufficiency inquiry, an appellate court does not assess whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25, citing *Thompkins*, supra; *Jenks* at paragraph two of the syllabus.[102]

The Ohio appeals court then noted that Lawshea was convicted of aggravated robbery in violation of R.C. 2911.01 (A)(1) and robbery in violation of R.C. 2911.02(A)(2).[103] Additionally, the Ohio appeals court quoted the relevant portion of the aggravated robbery statute of R.C. 2911.02(A)(2):

---

[102] ECF # 8-2 at 60.

[103] *Id*. at 47.

R.C. 2911.02(A)(2). R.C. 2911.01(A)(1), aggravated robbery, provides, in relevant part: No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]

R.C. 2911.02(A)(2), robbery, provides, in relevant part: No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.][104]

The Ohio appeals court disagreed with Lawshea's assertion that his convictions should be overturned because of contradictory testimony prevented the state from proving that Lawshea was one of the perpetrators who committed the robbery. In support of its holding, the Ohio appeals court noted that Lott's testimony was sufficient alone to support the conviction.[105] Lott's testimony included: (1) Lott recognized Lawshea's voice when Lawshea called him and asked him for a ride the evening of the incident; (2) Lawshea identified himself as E.J. whom Lott knew to be Shantell's brother, during the call; (3) that the dome light in the car illuminated Lawshea's face such that he was able to confirm that it was Lawshea who entered the vehicle and robbed him at gunpoint.[106]

The Ohio court of appeals also construed Lawshea's Ground One argument to mean that there was insufficient evidence to support the aggravated robbery conviction.[107] The

---

[104] ECF # 8-2 at 62-63.

[105] *Id*. at 63

[106] *Id*.

[107] *Id*. at 64.

-20-

Ohio appeals court again found that Lott's testimony was sufficient to satisfy the deadly weapon and physical harm elements of these offenses.[108] "Lott testified that after Lawshea entered the vehicle, he turned and pulled out a long-barreled revolver, pointing it at Lott's abdomen."[109]  Next Lott testified that Lawshea demanded that Lott "give that s*** up" and stated if Lott failed to do so he was going to "pop [his] a**."[110]  Lawshea then proceeded to take Lott's cell phone and keys.[111] The Ohio court of appeals concluded:

> Lott's testimony, if believed, was sufficient to establish all the essential elements of the offenses with which Lawshea was charged. Accordingly, viewing the evidence in a light most favorable to the state, a rational jury could have determined beyond a reasonable doubt that Lawshea was guilty of robbery and aggravated robbery. Lawshea's first assignment of error is overruled.[112]

Viewing the evidence (Lott's testimony) in the light most favorable to the prosecution a rational trier of fact could have found that the essential elements of both crimes were proven beyond all reasonable doubt.  Thus, for the reasons stated above, Ground One should be denied on the merits because the decision of the state court, in this regard, was not an unreasonable application of the relevant law.

## 2.    *Ground Two & Three: due process/fair trial*

Lawshea argues that he was denied a fair trial and due process of law because of the

---

[108] *Id*. at 65.

[109] *Id.*

[110] *Id*.

[111] *Id*.

[112] *Id.*

police's poor investigation.[113]  The Ohio appeals court construed Lawshea's police investigation argument as an allegation that the police failed to follow up on "the C.J. lead" and failed to include a photo of C.J. (or Clifton Fuller) in the photo array that the police presented to Lott.[114]  To the extent that this claim challenges the trial court's application of state law, the claim is non-cognizable.[115]  Additionally, "the Due Process Clause is [not] violated when the police fail to use a particular investigatory tool."[116]  As the Supreme Court has stated, "the police do not have a constitutional duty to perform any particular tests."[117]  According to the Ohio appeals court:

> Although Lott mistakenly told responding police officers that it was "C.J.," rather than "E.J.," who robbed him, he was unwavering that "Shantell's brother" was one of the perpetrators. Without hesitation, Lott identified Lawshea from the photo array Detective Hamrick showed him the day after the incident as one of the persons who had robbed him. He again identified Lawshea as one of the perpetrators in court during his trial testimony. Both during his identification of Lawshea in the photo array and his in-court identification of Lawshea, Lott indicated that he was "[a] hundred percent" certain that Lawshea was one of the men who had robbed him. Although Lott mistakenly related Lawshea's nickname, there is nothing in the record that suggests that he was mistaken about who it was who robbed him at gunpoint.[118]

---

[113] ECF # 1.

[114] ECF # 8-2 at 67-68.

[115] *Pulley v. Harris*, 465 U.S. 37,41 (1984).

[116] *Arizona v. Youngblood,* 488 U.S. 51, 59 (1988).

[117] *Id.*

[118] ECF # 8-2 at 63-64.

As the Ohio Court found, the police investigation did not violate Lawshea's due process rights.   Moreover, Lawshea gives no citations or reasoning to support his proposition that his due process rights were violated.   Additionally, *Youngblood* supports the state's position that Lawshea's due process rights were not violated by the police's failure to follow up on the "C.J lead."   In addition, Lawshea has not established that the investigation was not sufficiently thorough or that he was prejudiced by the police not following up on the "C.J. lead."

As observed by the Ohio appeals court, the evidence shows that the victim knew the suspect and Lott told police that he knew and recognized Lawshea's voice and face.[119] Further, Lott unequivocally identified Lawshea in a photo array as the man who robbed him.[120] Lott asserted his recognition with one-hundred percent certainty.[121] Based on these facts there was no point in investigating alternative theories.

 The relevant portion of the federal habeas statute states a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

---

[119] *Id.* at 63.

[120] *Id.*

[121] *Id.* at  64.

-23-

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[122]

On the first prong, Lawshea cites no Supreme Court precedent that supports his police investigation argument. Additionally, the *Youngblood* precedent undermines Lawshea's due process arguments. On the second prong, it was not unreasonable for the trial court to find Lawshea guilty because the testimony of Loft was sufficient to prove each element of the crimes beyond all reasonable doubt.

Thus for the reasons stated above, I recommend finding that Ground Two and Three be denied on the merits because the decision of the state court in this regard was not an unreasonable application of the *Youngblood*, and Lott's testimony was sufficient to prove each element of the crimes beyond all reasonable doubt, and the police investiation did not violate Lawshea's due process rights or his right to a fair trial.

### 3.     *Ground Four: manifest weight of the evidence*

The Ohio appeals court framed Lawshea's Fourth Ground as a claim that the jury's verdict was against the manifest weight of the evidence.[123] The federal habeas statute restricts the writ to state prisoners in custody in violation of federal Constitutional law.[124] A

---

[122] 28 USC § 2254 (d)(1)-(2).

[123] ECF # 8-2 at 65.

[124] "[A] district court shall entertain an application for a writ of habeas corpus pursuant to the judgement of a state court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

claim pertaining to the weight of the evidence is not a federal Constitutional claim.[125] Thus claims involving the manifest weight of the evidence are generally non-cognizable.[126]

But, a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[127] "[A] [s]tate's decision [to regulate procedures in which its laws are carried out] is not subject to proscription under the Due Process Clause unless some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."[128] The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[129] Lawshea's petition fails to satisfy this demanding standard because his claim is merely conclusory in nature.[130] Moreover, as was stated above by the Ohio court, the trial and the preceding police investigation were fundamentally fair.

Lawshea's manifest weight of the evidence claim is not cognizable on habeas corpus

---

[125] *Johnson v. Havener*, 534 F.2d 1232, 34 (6th Cir. 1976).

[126] *But see, Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007). (for purposes of avoiding the procedural default of a sufficiency of the evidence claim, a manifest weight of the evidence claim asserted by a *pro se* petitioner in state court was construed as a sufficiency of the evidence claim under the rules for lenient construction because, in Ohio, a judgment that a conviction was supported by the manifest weight of the evidence necessarily implied that the Ohio court also determined that the conviction was supported by sufficient evidence).

[127] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); Bey v. Bagley, 500 F. 3d 514, 519 (6th Cir. 2007).

[128] *Bey v .Bagley,* 500 F.3d 514, 519 (6th Cir. 2007) quoting (*Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

[129] *Bey v. Bagley,* 500 F.3d 514, 521 (6th Cir. 2007).

[130] *See Supra* note 36.

review because it does not implicate constitutional concerns, but instead only raises issue of state law.  Additionally, Lawshea fails to meet the *Estelle* and *Bagley* fundamental fairness standard because his complaint does not establish that the trial court committed an error that violated a fundamental principal of justice.

Finally, because Lawshea also asserted a sufficiency of the evidence claim along with his manifest weight of the evidence claim, there is no need to reconstrue the manifest weight of the evidence claim as a sufficiency of the evidence claim in order to avoid procedural default.[131]  To the degree that this claim merely restates the sufficiency of the evidence claims, it should be denied for the reasons stated.

## Conclusion

For the foregoing reasons, I recommend that the petition of Erick Lawshea for a writ of habeas corpus be dismissed in part and denied in part.

Dated: February 28, 2018                         s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[132]

---

[131] *See Supra* note 8.

[132] *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).