# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ERICK M. LAWSHEA,** | ) | CASE NO. 1:17 CV 303 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **LYNEAL WAINWRIGHT,** | ) | |
| | ) | |
| Defendant. | ) | |

In 2014, a state court jury convicted Erick Lawshea of robbery and aggravated robbery with a firearm specification–for which he is serving a nine-year sentence. On February 13, 2017, Lawshea filed the pending 28 U.S.C. § 2254 petition for writ of habeas corpus raising four grounds for relief ("Petition"). (**Doc #: 1**.) The case was automatically transferred to Magistrate Judge William H. Baughman, Jr. to issue a briefing schedule and to prepare a Report and Recommendation ("R&R"). (Doc #: 3.) On February 28, 2018, the Magistrate Judge issued the pending R&R and mailed a copy of the R&R to Lawshea. (**Doc #: 15**.)

The Magistrate Judge recommends that the Court deny in part and dismiss in part the Petition. Specifically, the Magistrate Judge recommends that the Court deny the first ground for relief, i.e., Lawshea's convictions were not supported by sufficient evidence, on the merits for the reasons set forth at pp. 19-21 of the R&R. He recommends that the Court combine the second and third grounds for relief, i.e. due process and fair trial claims, and deny them on the

merits for the reasons set forth at pp. 21-24.  Finally, the Magistrate Judge recommends that the Court dismiss the fourth weight-of-the-evidence ground as not cognizable on habeas review.

Under the relevant statute,

> Within *fourteen* days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1) (emphasis added).  It is now March 23, 2018, and Petitioner has neither filed written objections to the R&R nor requested an extension of time to do so.

The failure to timely file written objections to an R&R constitutes a waiver of the right to obtain a *de novo* review of the R&R in the district court.  *Id.*; *Allen v. Moore*, No. 1:05 CV 731, 2007 WL 651248 at *1 (S.D. Ohio Feb. 23, 2007) (citing *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981)).  The failure to file written objections also results in a waiver of the right to appeal.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

That said, the Court has reviewed the R&R and agrees with the recommended conclusions for the reasons stated therein.  Accordingly, the Court **ADOPTS** the R&R (**Doc #: 15**) and **DENIES** the Petition (**Doc. # 1**).

**IT IS SO ORDERED.**

   */s/ Dan Aaron Polster     March 23, 2018*
**Dan Aaron Polster**
**United States District Judge**